<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE ARSENIS, <br><br> Defendant. | Civil Action No. 23-20402 (MAS) (TJB) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff Bank of America, N.A.'s ("Plaintiff") Motion to Remand. (ECF No. 4.) Defendant George Arsenis ("Defendant") opposed. (ECF No. 6.) After consideration of the parties' submissions, the Court decides Plaintiff's motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Plaintiff's motion is granted.

On September 13, 2023, Defendant removed this matter to this Court by filing a Notice of Removal. (Removal, ECF No. 1.) Defendant did not attach a complaint to his Notice of Removal or otherwise provide the Court with the underlying pleadings. (*See generally id.*) On November 8, 2023, Plaintiff filed the instant motion. (*See generally* Pl.'s Moving Br., ECF No. 4.) Plaintiff contends that Defendant's removal is: (1) untimely; (2) does not invoke federal question jurisdiction; and (3) cannot be brought because Defendant waived his right to remove this action from State Court. (*See generally id.*)

Plaintiff's Motion to Remand must be granted for a multitude of reasons, but the Court need not reach them all to decide the instant motion. First, though not mentioned by Plaintiff,

Defendant's removal notice fails to comply with relevant procedural rules. Specifically, 28 U.S.C. § 1446(a) requires that a removal notice contain "a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon [the] defendant.*" (emphasis added). Here, Defendant only supplies a statement of the case in removing this action. (*See* Removal *5-6[1].) Defendant does not provide the Court with the underlying pleadings from the state court action. (*See generally id.*) This failure alone is sufficient reason for the Court to grant Plaintiff's motion.

      To be sure, the Court also notes that Plaintiff has shown that Defendant's removal attempt is untimely. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Defendant's Answer was received by the state court on May 7, 2020. (Remand Ex. B *6, ECF No. 4-1.) Necessarily then, Defendant received a copy of the initial pleading in the state court action sometime prior to May 7, 2020. (*See id.*) Defendant now seeks to remove this action on September 13, 2023, almost three and a half years after initially receiving the pleadings. As such, Defendant's removal attempt is untimely under 28 U.S.C. § 1446(b)(1).

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

For the reasons outlined above, Defendant's removal attempt is both procedurally deficient and untimely. Accordingly,

**IT IS**, on this 15th day of February 2024, **ORDERED** that:

1. Plaintiff's Motion to Remand (ECF No. 4) is **GRANTED**.

2. The Clerk of the Court shall remand this matter to New Jersey Superior Court, Somerset County.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**